OPINION
Defendant, Zachary Jackson, appeals from his conviction for Possession of Crack Cocaine, R.C. 2925.11(A), which was entered on Jackson's plea of no contest after the trial court overruled his motion to suppress evidence. On appeal, Jackson presents a single assignment of error, which states:
 THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE RECOVERED FROM THE ILLEGAL SEARCH AND SEIZURE OF A CLOSED CONTAINER FOUND IN THE VEHICLE IN WHICH APPELLANT WAS A PASSENGER.
Jackson was one of two people who were seated in the rear passenger compartment of a vehicle that Dayton Police Officer Roger W. Kielbaso stopped after he saw its driver run a stop sign. That occurred on October 18, 1998, at approximately 9:30 p.m.
As Officer Kielbaso made his way from his cruiser to the car in which Jackson was seated, he saw Jackson make what the officer later testified were "movements underneath himself using his right hand. Very exaggerated movements. Very obvious." (T. 3)
Fearing that Jackson may have been attempting to conceal a weapon, Officer Kielbaso ordered him from the car. The officer further testified:
 "Uh, upon pulling him out, I went ahead and did a pat down of him and I looked on the seat where he had been sitting. And, directly underneath where he had been sitting was a wadded up piece of paper.
Q. What did that mean to you?
 A. Well, about ninety percent of the time drugs and other contraband were usually carried in wadded up pieces of paper.
Q. What did you do?
 A. I went ahead and reached in and picked up the piece of paper and opened the piece of paper, finding a rock of suspected crack cocaine.
Q. What did you do next?
 A. I then went ahead and proceeded to, uh, secure the Defendant in the rear of my patrol vehicle.
Q. What happened next?
 A. I then went ahead and I did contact the driver and all the other subjects in the car. I then field tested the suspected drugs and they did test positive.
 Q. Did you do anything else to link Mr. Jackson to that wadded up piece of paper?
 A. Yes, I did perform a field test on his hands along with everybody else's hands in the vehicle. His hands did test positive for the trace amount of residue cocaine on his hands.
 Q. Let me back up for just a second. In five and a half years of encountering contraband. How many times, I understand it would be an estimate but, how many times do you think you have seen crack cocaine specifically in a wadded up piece of paper?
A. I'd . . . well over five hundred.
Q. Okay. How big a wad are we talking about?
 A. Um, not very big. Just, uh, maybe the size of a quarter.
 Q. So, if the paper was unfolded it would be how big, I understand you are approximating?
A. Maybe, uh, maybe a two inch by two inch square.
 Q. And, uh, is it your testimony that that is a common or ordinary way to package or carry rocks of crack?
A. It is.
Q. There are others, of course?
A. Absolutely, sir."
(T. 3-5).
Jackson was arrested and subsequently was indicted for possession of cocaine, a controlled substance, in violation of R.C. 2925.11(A). Jackson moved to suppress evidence of the crack cocaine that Officer Kielbaso had seized from use by the State in prosecuting him. The trial court overruled the motion, without explanation.
Warrantless searches and seizures are per se unreasonable under the Fourth Amendment, subject only to a few well-recognized exceptions.Katz v. United States (1967), 389 U.S. 347. The exception that the State sought to prove in order to overcome Jackson's motion was the "plain view" exception. In State v. Fausey (July 17, 1998), Montgomery App. No. 16774, unreported, we explained:
 An officer who has lawfully intruded in a constitutionally protected area may seize an object that he finds there in plain view if its criminal character is immediately apparent. Coolidge v. New Hampshire (1971), 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022. State v. Williams
(1978), 55 Ohio St.2d 82, 377 N.E.2d 1013. To satisfy that test, there must "be a nexus . . . between the item to be seized and criminal behavior, that is provable cause "to believe that the evidence sought will aid in a particular apprehension or conviction." Warden v. Hayden (1967), 387 U.S. 294, 307, 118 L.Ed.2d 782, 87 S.Ct. 1642. Absolute certainty in that regard is not required, but more than the mere reasonable suspicion contemplated by Terry is needed to justify an officer's seizure of an item as contraband.
 The circumstances in which an object is found, which can include the owner's efforts to conceal it, may be as significant as its appearance in creating probable cause for its seizure. See, LaFave, Search and Seizure, (3d Ed.), vol. 3, Section 7.5(b). However, the fact that the object is in "plain view" cannot, standing alone, justify its seizure. State v. Osborne (1994), 99 Ohio App.3d 577, 651 N.E.2d 453.
Id., at pp. 6-7).
Jackson does not contend that Officer Kielbaso had intruded unlawfully into the car when he seized the wad of paper or that the wad of paper itself was not in plain view. Rather, he contends that the officer was not authorized to seize and open it to search for drugs that possibly were inside because, under the totality of the circumstances, its criminal character was not readily apparent. We do not agree.
The protections of the Fourth Amendment apply to searches of articles and places which, by their nature and condition, demonstrate that the public has a justifiable expectation of privacy in them and their contents. Receptacles that are closed and have been secured against intrusion demonstrate that expectation. United States v. Chadwick (1977), 433 U.S. 1. Typical examples are: foot lockers, Chadwick, supra; suitcases, Florida v. Royer
(1983), 560 U.S. 491, purses, Rawlings v. Kentucky (1980), 448 U.S. 98; duffel bags, Frazier v. Cupp (1969), 394 U.S. 731; letters, United states v.Van Leeuwen (1970), 397 U.S. 249; and boxes of all types. Even brown paper bags, California v. Acevedo (1991), 500 U.S. 565, and cigarette packages,United States V. Robinson (1973), 414 U.S. 218, qualify.
A wad of paper is not a closed receptacle. Further, when discarded it is more in the nature of abandoned property, to which the protections of the Fourth Amendment do not apply. However, much depends on the circumstances under which possession of any article is relinquished. Thus, in Rios v.United States (1960), 364 U.S. 253, the Supreme Court observed that "[a] passenger who lets a package drop to the floor of a taxicab in which he is riding can hardly be said to have `abandoned' it. An occupied taxicab is not to be compared to an open field." Id., at p. 262, n. 6. The vehicle in which Jackson was a passenger was not a taxicab that he had hired. Therefore, his expectation of privacy with respect to articles he might drop inside is of a lesser order.
In the event, however, the trial court appears to have overruled the motion to suppress on a finding that the seizure and search were justified by a "plain view" exception, which requires a finding of probable cause. The probable cause standard does not demand certainty or proof beyond a reasonable doubt. Rather, probable cause exists when a reasonably prudent person would believe that the article or place to be searched contains evidence of a crime. State v. George (1989), 465 Ohio St.3d 325. Brinegarv. United States (1949), 338 U.S. 160. A mere probability of criminal activity is sufficient. State v. George, supra.
The facts to which Officer Kielbaso testified demonstrate a probability of criminal activity. He stated that, in his prior extensive experience, drugs are most often carried in wadded up pieces of paper such as the one he saw. And, though as an article the wad of paper was innocuous, the furtive movements that he saw Jackson make, apparently in an effort to rid himself of the article or conceal it on the officer's approach, portrayed its criminal character in a way that was readily apparent. Therefore, the officer had probable cause to seize it and search inside, which led him to discover the crack cocaine that Jackson's motion sought to suppress.
The trial court did not err when it overruled Jackson's motion to suppress. The assignment of error is overruled, and the judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Lynda K. Ashbery, Esq.
Arvin S. Miller, Esq.
Hon. John P. Petzold